COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Ruben Totten v. The State of Texas

Appellate case number:    01-14-00189-CR

Trial court case number:  1365961

Trial court:              228th District Court of Harris County

On September 21, 2016, the Texas Court of Criminal Appeals reversed and remanded this case to this Court. During our review on remand, we question whether the text of the reporter's record accurately reflects Officer Harold Trant's testimony.

Accordingly, the appeal is abated and remanded to the trial court to determine the accuracy of the reporter's record. *See* TEX. R. APP. P. 34.6(e)(3) (providing that court of appeals may submit dispute to trial court for resolution). On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which Julia Johnson, deputy court reporter for the 228th District Court, a representative of the Harris County District Attorney's Office, and appellant's counsel, Sarah V. Wood, shall each be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

If the trial court determines that the reporter's record filed with this Court is inaccurate, the trial court shall direct the court reporter to prepare a supplemental reporter's record that conforms to what occurred in the trial court and file the supplemental reporter's record with the Clerk of this Court. *See* TEX. R. APP. P. 34.6(e)(2) (providing that if trial court finds an inaccuracy, it must order court reporter to conform reporter's record to what occurred in trial court and file certified corrections in appellate court). If the trial court determines that the reporter's record filed with this Court is accurate, the trial court should sign a written order reflecting that determination, along with any additional findings.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court

---

1       On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Sherry Radack
        ☒ Acting individually    ☐ Acting for the Court


Date: December 6, 2016